## Case No. 15,471.

### UNITED STATES v. JEFFERS.

#### [4 Cranch, C. C. 704.] 1

Circuit Court, District of Columbia. March Term, 1836.

##### INTERNATIONAL LAW — DIPLOMATIC RESIDENCE — UNAUTHORIZED ENTRY.

It is a breach of diplomatic privilege, by an officer of justice, to enter the dwelling-house of a secretary of legation, and seize there a runaway slave, for which the officer will be removed from office.

Francis S. Key, Esq., attorney of the United States, for the District of Columbia, having laid before the court a letter to him from the secretary of state, in these words: "F. S. Key, Esq., United States Attorney for the District of Columbia. Department of State, Washington, May 27, 1836. Sir, I transmit a copy of a communication from his Britannic majesty's envoy extraordinary and minister plenipotentiary, Mr. Fox, dated yesterday, complaining of the conduct of a constable named Jeffers, at the house of one of the members of his majesty's mission. You are requested to inquire immediately into the case and to ascertain and report to the department, under what authority the constable acted; with what process he was charged; by whom the process was issued, and on whose application; and generally what proceedings have taken place in the matter. You will also be pleased to inform me, to whom the constable is amenable, and in what manner he is removable for misconduct. I am, sir, your ob't. servant, John Forsyth." And a copy of the communica-

1 [Reported by Richard Peters, Jr., Esq.]

1 [Reported by Hon. William Cranch, Chief Judge.]

tion from his Britannic majesty's envoy extraordinary, therein referred to, in these words: "The undersigned, his Britannic majesty's envoy extraordinary and minister plenipotentiary, feels it his duty to bring the following case, involving a breach of the privilege of the diplomatic body, under the immediate consideration of Mr. Forsyth, secretary of state of the United States. A colored lad, serving for hire in the family of Mr. Bankhead, his Britannic majesty's secretary of legation, was this morning taken away from the house of that gentleman by a constable of the name of [Madison] Jeffers, belonging to the capitol ward of this city, upon the plea of conveying him to his master, Mr. King, from Alabama. No previous intimation of a wish to remove the lad from Mr. Bankhead's service had been given to him either by Mr. King or by any one else. Mr. Bankhead, in order to avoid any disturbance, allowed the servant to be removed, but formally protested against the proceeding; and the undersigned now submits the case to the consideration of Mr. Forsyth, in the confident expectation that immediate redress will be granted by the government of the United States for this act of authority exercised by a constable of the District, in the house of one of the members of his Britannic majesty's mission, in violation of the privileges of the diplomatic body. The undersigned has the honor to renew to Mr. Forsyth the assurances of his distinguished consideration. H. S. Fox. Washington, May 26th, 1836. The Honorable John Forsyth, &c. &c. &c." It is, on the motion of the said attorney of the United States, ordered, that the said Madison Jeffers, in the said communication mentioned, be removed from the office of constable of the county of Washington, unless he show cause to the contrary on the thirty-first day of May instant, provided a copy of this order shall have been served upon him this day. By order of the court, May 30th, 1836. Test: William Brent, Clerk.

The rule having been duly served, the said Madison Jeffers appeared on the 31st of May and, by way of showing cause, filed his affidavit admitting the facts, but alleging his ignorance of the diplomatic privileges, and his belief that he was executing his duty lawfully, in arresting a fugitive slave, and disclaiming all intentional disrespect to Mr. Bankhead.

His counsel, Mr. W. L. Brent, contended that Jeffers, as the agent of the owner of the slave, had a right to take him anywhere; and also that, as a constable, he had a right to take up a runaway. That the diplomatic privilege extends only to foreign ministers, and upon certain terms; and not to servants of a secretary of legation. That the servant had not been registered according to the act of congress of 30th of April, 1790, § 26 (1 Stat. 112), and therefore Jeffers had a right to arrest him; because the act of congress for punishing the violation of privilege does not extend to those who may arrest a servant not registered. By not registering his servant the minister has waived his privilege. Seacomb v. Bowlney, 1 Wils. 20.

THE COURT stopped Mr. Key in reply.

THRUSTON, Circuit Judge, said he wished no further time or argument. He was of opinion that Jeffers should be dismissed from office.

MORSELL, Circuit Judge, concurred.

CRANCH, Chief Judge, would have taken time to consider; but said that his present opinion coincided with that of his court.

Whereupon THE COURT passed the following order: "Madison Jeffers, upon whom a rule was laid on the 30th of May last, to show cause why he should not be removed from the office of constable for the county of Washington, upon the grounds therein stated, appeared and filed his affidavit, and the same was read and heard, and he was further heard by his counsel. Whereupon it is considered by the court, that the said Madison Jeffers was guilty of a violation of the privileges of his Britannic majesty's envoy extraordinary and minister plenipotentiary, as stated in his letter to the secretary of state, referred to in the said rule; and the said Madison Jeffers, having shown no sufficient cause to the contrary, it is thereupon considered by the court, this 7th day of June, 1836, that the said Madison Jeffers be, and he is hereby, removed from his said office of constable for the county aforesaid."